## THE PANAMA.[1]

### CHESAPEAKE & O. RY. CO. v. THE PANAMA.

*(District Court, E. D. New York. May 21, 1891.)*

COLLISION—STEAM-VESSELS MEETING—ATTEMPT TO PASS STARBOARD TO STARBOARD—ASSENT.

    Two steam-vessels, the P. and the K., were meeting head on. The P., determining to pass starboard to starboard, blew two whistles, and starboarded, without waiting for the assenting whistle of the K. On perceiving that the K. had not starboarded also, the P. again changed her wheel, and attempted to pass port to port, but the vessels collided. *Held,* that the P. was in fault for attempting to pass contrary to rule, without awaiting the assent of the other vessel.

In Admiralty. Suit to recover damages caused by collision.

*Jas. S. Stearns* and *George A. Black,* for claimant.
*Chas. H. Tweed* and *R. D. Benedict,* for libelant.

BENEDICT, J. I am unable to discover any ground upon which the Panama can be relieved from responsibility for the collision which gave rise to this action. If the movements of the Kanawha were as testified to by those who directed her movements, the liability of the Panama is conceded; and, if the movements of the Panama were as testified to by those who directed her movements, and the movements of the Kanawha were as testified to by these same witnesses, a similar result must follow; for the case sought to be made by the Panama is this: The steam-ship Panama and the steam-ship Kanawha were approaching nearly head on, upon opposite courses. The law required the vessels to pass port to port. The Panama determined to pass starboard to starboard. Accordingly she blew a signal of two whistles to the Kanawha, and, without waiting for the assent of the Kanawha, starboarded her wheel, and swung to the eastward. Soon she observed that the Kanawha, instead of starboarding her wheel, had ported. The Panama then ported, but it was too late to avoid collision. This makes a case of fault on the part of the Panama. Contrary to the rule, she starboarded her helm, and swung to the eastward, without any assent from the Kanawha to that method of passing. Not receiving assent, she changed again, and ported, but then it was too late. The time lost in the attempt to pass starboard to starboard made the porting, when it occurred, too late to avoid collision. The libelant must have a decree, with an order of reference.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.